UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARCHON CORPORATION f/k/a SAHARA GAMING CORPORATION, a Nevada corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>P. MICHAEL JUNG and GRETCHEN LEE MEGOWEN,<br><br>　　　　　　　　　　Defendants. | Case No. 2:15-cv-01179-APG-VCF<br><br>**ORDER REMANDING CASE**<br><br>(Dkt. ##7, 27) |

　　　　Archon Corporation filed this lawsuit in state court, seeking judicial declarations related to its redemption of its Exchangeable Redeemable Preferred Stock ("EPS"). Defendants Jung and Megowen, who owned shares of the EPS, contend Archon's redemption was ineffective and they thus retain rights related to those shares. Jung and Megowen removed this case to federal court on June 22, 2015. Archon moved to remand (Dkt. #7), arguing the case does not meet the $75,000 threshold amount required for federal court diversity jurisdiction. In the alternative, Archon requests that I exercise my discretion to abstain from considering this declaratory relief action.

　　　　This case examines, among other things, whether stock is properly redeemed when a corporation initially calculates the redemption price incorrectly, and the price is later adjusted by a court. If the stock is declared unredeemed, additional issues arise regarding how to treat the former shareholders who received the adjusted redemption price several years ago. Because these are significant questions of state law, and because there is a purported class action lawsuit pending in Nevada state court regarding these issues, I abstain from exercising jurisdiction over this case. I remand it to the Nevada state court.[1]

---

[1] The defendants also move to strike the exhibits attached to Archon's reply brief. (Dkt. #27.) I have not considered those exhibits in deciding the motion to remand. Therefore, the defendants' motion to strike is denied as moot.

**A. The case satisfies the $75,000 threshold for diversity jurisdiction.**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Thus, courts "strictly construe the removal statute against removal jurisdiction." *Gaus, Inc.*, 980 F.2d at 566. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* Remand is required if the court lacks subject matter jurisdiction. 28 U.S.C. §1447(c); *see also Aguon-Schulte v. Guam Election Comm'n*, 469 F.3d 1236, 1240 (9th Cir. 2006) ("remand may be ordered either for lack of subject matter jurisdiction or for 'any defect' in the removal procedure").

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). "Where the complaint seeks injunctive or declaratory relief and not monetary damages, the amount in controversy is not what might have been recovered in money, but rather the value of the right to be protected or the extent of the injury to be prevented." *Jackson v. Am. Bar Ass'n*, 538 F.2d 829, 831 (9th Cir. 1976). Where the lawsuit "seeks a declaration of no liability, the value of the relief sought is measured by the value of the liability that would follow if liability were found to exist." *Biotronik, Inc. v. Medtronic USA, Inc.*, 840 F. Supp. 2d 1251, 1257 (D. Or. 2012).

Archon contends that the EPS redemption price was previously determined in two federal cases.[2] Although Archon feels that price is too high, it asserts that the price sets the maximum

---

[2] *D.E. Shaw Laminar Portfolios, L.L.C., et al. v. Archon*, 2:07-CV-01146-PMP-LRL and *Leeward Capital L.P. v. Archon Corporation*, 2:08-CV-00007-PMP-LRL.

value of the EPS.  Given the number of shares held by the defendants, the value of the EPS at issue in this case is less than $75,000.

Jung and Megowen respond that Archon did not set aside or "irrevocably deposit" the funds necessary to pay for the redemption at the adjusted price, as required in Certificate of Designation of the EPS. (Dkt. #16 at 12-14.)  Thus, the redemption was not properly "provided for" under the Certificate, Archon breached its obligations related to the redemption, and the EPS shares were not redeemed.  Accordingly, Jung and Megowen claim they retain their shares, which have increased in value sufficiently to exceed the $75,000 diversity jurisdiction threshold.

Without commenting on the merits of their argument, Jung and Megowen have satisfied their burden of proving that "it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  This court has diversity jurisdiction over this case.

### B.  The *Brillhart* factors counsel remanding this case.

I have discretion whether to exercise jurisdiction over a lawsuit that seeks only declaratory relief.

> By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants.  Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment. . . . In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).  These "concerns of 'practicality' and 'wise judicial administration' generally counsel against the exercise of federal-court jurisdiction over claims for declaratory relief that involve only state law questions and are brought during the pendency of a related state court proceeding." *Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796, 801 (9th Cir. 1995) *overruled on other grounds by Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998).  "The fact that the case originated in state court and was removed to federal court does not alter the district court's unique statutory discretion under the Declaratory

Judgment Act." *Golden Eagle Ins. Co. v. Travelers Companies*, 103 F.3d 750, 755 (9th Cir. 1996) *overruled on other grounds by Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998).

My exercise of this discretion is guided by the factors set forth in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942). "Those factors, which are not intended to be exhaustive, include the following: 1) avoiding needless determination of state law issues; 2) discouraging litigants from filing declaratory actions as a means of forum shopping; and 3) avoiding duplicative litigation." *Balestra-Leigh v. Balestra*, No. 3:09-cv-551, 2010 WL 4280424, at *8 (D. Nev. Oct. 19, 2010) *aff'd*, 471 F. App'x 636 (9th Cir. 2012). Here, forum shopping is not an issue. It does not appear Archon "jumped the gun" by prematurely filing its lawsuit to ensure Nevada state court jurisdiction. And the fact that one party prefers federal court while another prefers state court does not normally constitute forum shopping. *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 804 (9th Cir. 2002). Nor is the avoidance of duplicative litigation a factor here because the parties agree that the case will be disposed of entirely regardless of whether it is litigated in federal or state court. *Id.* at 803-804.[3]

The primary reason I am declining jurisdiction over this case is to avoid the needless determination of state law issues. As Archon points out, the Nevada Supreme Court has not addressed whether preferred stock should be declared not redeemed where a court later adjusts the redemption price. (Dkt. #26 at 13.) Moreover, should Archon's redemption be declared invalid, additional state law issues would arise about whether and how the prior redemption can be unwound, and what rights are held by both the shareholders who opposed redemption at the adjusted price and those who accepted redemption at the adjusted price. It is better for the Nevada state court to address these complicated issues of Nevada law. *State Auto Ins. Companies v. Summy*, 234 F.3d 131, 136 (3d Cir. 2000), as amended (Jan. 30, 2001) ("In order to maintain

---

[3] There is a possibility that remand may avoid duplicative litigation because of the purported class action lawsuit pending in state court. However, Jung and Megowen state they will opt out of that lawsuit if the class is certified. (Dkt. #16 at 22.) Regardless, the parties agree this factor is not present here.

the proper relationship between federal and state courts, it is important that district courts 'step back' and allow the state courts the opportunity to resolve unsettled state law matters.").

In addition to the *Brillhart* factors, the Ninth Circuit has suggested additional factors to consider,

> such as "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies."

*Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225, n. 5 (9th Cir. 1998) quoting *American States Insurance Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994) (J. Garth, concurring). None of these factors convinces me to exercise jurisdiction over this matter. This lawsuit should settle all aspects of the controversy, there does not appear to be any "procedural fencing" or game-playing, neither federal nor state court provides any greater convenience to the parties or makes available any other remedies, and my exercise of jurisdiction could create a risk of inconsistent results in light of the pending state court lawsuit addressing the same issues. Thus, I will abstain from exercising jurisdiction over this case.

IT IS THEREFORE ORDERED that defendants' motion to strike **(Dkt. #27) is DENIED AS MOOT.**

IT IS FURTHER ORDERED that plaintiff's motion to remand **(Dkt. #7) is GRANTED.** This case is remanded to the state court from which it was removed for all further proceedings. The clerk of the court is instructed to close this case.

Dated: October 6, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE